

SIGNED THIS 17th day of August, 2021

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOSEPH THOMAS ASCUE | ) | Case No. 93-01085 |
|    Debtor. | ) | |
| | ) | |
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOSEPH THOMAS ASCUE | ) | Case No. 97-03313 |
|    Debtor. | ) | |
| | ) | |

### MEMORANDUM OPINION and ORDER

This matter comes before the Court on the motion of the Debtor, Joseph Thomas Ascue (the Debtor"), appearing *pro se,* alleging a violation of the terms of the discharge injunction by the United States Public Health Scholarship Program.[1] The Court reopened the Debtor's two prior bankruptcy cases for the limited purpose of allowing the Debtor to file an action for an alleged violation of the discharge. While the Debtor did not file such an action in response to the

---

[1] The Debtor was represented in his 1993 bankruptcy case by attorney John M. Lamie. Mr. Lamie was granted leave to withdraw in this case after the Debtor filed the present motion.

Court's Order, the Debtor filed two letters with supporting documentation on May 11, 2021 and May 13, 2021 which the Court construed as such a motion.[2]

The Court then ordered the United States Attorney for the Western District of Virginia to file a response to the Debtor's motion and a hearing was scheduled on the matter. The United States filed its response asserting that it did not violate the discharge injunction and that the Debtor's claim is barred by *res judicata*. The Court held a hearing on July 14, 2021 at which the parties appeared and gave oral argument. At the conclusion of the hearing, the Court took the matter under advisement. After the hearing, the Debtor filed an additional statement for the Court's consideration. The matter is now fully briefed, argued, and ripe for disposition. For the reasons stated herein, the Court will deny the Debtor's motion and re-close the Debtor's two bankruptcy cases.

## FACTUAL AND PROCEDURAL BACKGROUND

As background, the Court sets forth the following facts as established by previous rulings of either the United States District Court for the Western District of Virginia, or this Court, the Hon. Ross W. Krumm (Ret.), presiding. The Debtor attended Eastern Virginia Medical School and graduated in 1984. *In re Ascue*, 268 B.R. 739, 741 (Bankr. W.D. Va. 2001). To finance his education, the Debtor signed a contract with the National Health Service Corps ("NHSC") and received a total of $42,017.00 in scholarship awards from 1982 through 1984. *Id.* Pursuant to the contract, the Debtor was required to provide one year of service for each year he received financial support in an area determined by the Secretary of Health and Human Services. If the

---

[2] The Debtor's claim for relief is vague as to what exactly constitutes his legal basis for relief. The Court construes his effort as asserting a violation of the discharge injunction. In so doing, the Court notes that a federal court "is not constrained by the pleader's request for relief." *Hamlin v. Warren,* 664 F.2d 29, 30 (4th Cir. 1981). Moreover, the Fourth Circuit has held that *pro se* filings are to be generously construed so "that those litigants with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277–78 (4th Cir. 1985) (citing *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978)).

Debtor failed to complete the period of obligated service, the contract entitled the United States to recover liquidated damages in an amount equal to three times the scholarship funds awarded, plus interest. *Id*. at 741-742. The Debtor breached the contract by not performing the required years of service. *Id.* at 742.

The Debtor filed a chapter 7 bankruptcy petition on February 8, 1988 in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 88-20428, which case was transferred to the United States Bankruptcy Court for the Western District of Virginia by Order entered June 1, 1993. The Debtor listed an indebtedness in the amount of $300,000.00 due to the U.S. Public Health Service for "medical school" on his schedule of liabilities. *In re Ascue*, 146 B.R. 665, 666 (Bankr. E.D. Va. 1992). The Debtor received his discharge on May 25, 1988. *Id.*

In 1994, the United States filed a complaint against the Debtor in the United States District Court for the Western District of Virginia to recover $330,391.02 (three times the original loan amount, plus accrued interest and administrative charges). After a bench trial in 1996, the District Court found that the Debtor breached his contract with the NHSC and that this debt was not discharged in his first bankruptcy case. Findings of Fact and Conclusions of Law entered by Judge Williams on July 10, 1996, ECF 29, Ex. A, p. 8.[3] The Court entered judgment against the Debtor in the full amount claimed. *Id*.

On August 26, 1997, the Debtor filed another Chapter 7 petition in the Western District of Virginia, Case No. 97-03313. At the time of the filing, the NHSC debt had grown to over $500,000.00. *Ascue*, 268 B.R. at 741. In response to the complaint filed by the United States to determine the dischargeability of the NHSC debt, the Debtor argued that it would be unconscionable to deny discharge of this debt. *Id*. Considering the Debtor's health and limited

---

[3] Unless otherwise indicated, all citations to the record refer to the docket in Case No. 93-01085. Similar documents are also filed on the record in Case No. 97-03313.

3

earning power at the time, the Court discharged a portion of the debt, but declined to discharge the full amount of the debt — noting the Debtor's staunch refusal to make payments on such debt even when he was making a significant income. *Id*. at 746. The Court found the Debtor's NHSC obligation non-dischargeable to the extent of $126,051.00, the trebled amount of the original debt, and granted judgment to the United States. *Id*. at 748. The balance of the debt was discharged. Both the United States and the Debtor appealed. The United States District Court affirmed the Bankruptcy Court decision on February 2, 2002. ECF 29, Ex. D. Neither party appealed the District Court ruling to the Fourth Circuit.

In 2005, as no payments were made on the debt by the Debtor, the United States referred the Debtor's case to the Treasury Offset Program for collection. ECF 29, p. 6. The United States has since collected $46,651.06 from the Debtor through the withholding of federal agency payments, such as tax refunds. *Id*. However, the Debtor's obligation has continued to grow due to accruing interest. According to the United States, as of March 5, 2020, the balance of the debt owed was $134,731.63. *Id*.

According to documents filed by the Debtor, beginning in November 2020, the Debtor sent letters to various government agencies and politicians seeking relief from the NHSC debt. In February 2021, the Bureau of Health Workforce ("the Bureau") denied the Debtor's request for a waiver of the debt, citing 42 U.S.C. § 254o(d)(2). ECF 14, pp. 12-14. The Bureau cited two primary reasons for its decision: (1) the Debtor did not meet the "Impossibility Standard" because he did not sufficiently document his disabilities that allegedly prevented him from making payments; and (2) the Debtor did not meet the "Extreme Hardship Standard" because the Debtor had a monthly income of $6,055.96 and owned property valued in excess of $476,000.

4

*Id*.  The Bureau concluded its decision by directing the Debtor to contact the Department of Justice for further inquiries.  *Id*. at 14.

In a request for appeal of the Bureau's decision addressed to the U.S. Public Health Scholarship Program, the Debtor again asserted that this debt should be forgiven.  ECF 14, pp. 8-10.  The Debtor claimed he signed waivers for the Bureau to obtain his medical records and argued the government has collected nearly $50,000.00 from him, which was more than his original obligation.  *Id*.

The Debtor continues to assert that he is a 100% disabled veteran, that he is unable to work, and that the debt should be dischargeable in bankruptcy due to language in the contract he signed in 1980.  ECF 14, pp. 1-2.  The Debtor, in another attempt to avoid payment of this debt, filed the instant motion alleging the United States has violated the discharge injunction.  The United States denies it violated the discharge injunction and maintains the debt at issue has already been deemed non-dischargeable and that the Debtor cannot attempt to re-litigate this issue again through the reopening of this case.  ECF 29, pp. 7-8.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) and (O).

## ANALYSIS

The sole issue before the Court is whether there has been a violation of the discharge injunction.  To that end, the Debtor argues that: (1) the United States has collected approximately

5

$50,000.00, which is more than the original amount he borrowed, and (2) that he is entitled to a discharge of the debt or a waiver under the waiver clause of the original NHSC contract.  ECF 20, pp. 1-2.  While the Court is sympathetic to the Debtor's plight, neither of these arguments demonstrate an entitlement to the relief requested.

First, the Court notes that the Debtor's nonpayment and the accrual of interest is the reason for the increasing balance of this obligation.  In 2002, in an Adversary Proceeding in this same bankruptcy case which the Debtor has reopened, the United States District Court affirmed the Bankruptcy Court order and judgment that the Debtor's obligation of $126,051.00 to the United States was non-dischargeable, and that interest would accrue at the federal judgment rate.  ECF 29, Ex. C, D.  The Debtor argues now, as he argued then, that collection of the debt is burdensome to him as he is unable to make the payments.

The Bankruptcy Court, however, is not the proper forum for contesting an order of a superior court in the same case.  If the Debtor had grounds for appeal, he should have asserted them at that time.  He did not, and he cannot seek yet another bite at the apple here.  Further, *res judicata* precludes re-litigation of all claims actually litigated and determined as well as claims that might have been presented in that case.  In *Covert v. LVNV Funding, LLC*, 779  F.3d 242 (4th Cir. 2015), the Court stated:

> Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.,* 81 F.3d 1310, 1314–15 (4th Cir. 1996). As we have applied it, the doctrine of res judicata encompasses two concepts: claim preclusion, which bars later litigation of all claims that were actually adjudicated or that could have been adjudicated in an earlier action, and issue preclusion, which bars later litigation of legal and factual issues that were "actually and necessarily determined" in an earlier action. *Id.* at 1315 (internal citation omitted).  . . .  We have held that a prior bankruptcy judgment has res judicata effect on future litigation when the following three conditions are met:  1) [T]he prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the

6

parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

779 F.3d at 246.[4]

All three conditions are met here. The previous court ruling was final, on the merits, and rendered by a court of competent jurisdiction. The Debtor was represented by counsel and due process was met. The parties are identical; the claims asserted before are the same claims asserted now. Thus, the Debtor cannot—nearly twenty years later in this Court—cast the matter as a discharge violation and attempt to relitigate the amount and dischargeability of the debt. The debt was non-dischargeable then and is non-dischargeable now. Since the debt is non-dischargeable, the United States' collection efforts did not violate the discharge injunction.

Second, the Debtor argues that the contract entitles him to a discharge through a waiver granted by the United States. The contract provision provides that a waiver "may be granted" in cases of impossibility or extreme hardship. That provision is discretionary, not mandatory. It simply gives the United States the ability to grant the Debtor a waiver, if the Debtor can prove that repayment is impossible or extremely difficult. The Debtor made such an argument already, but the United States rejected it. If the Debtor wishes to contest that determination, it will have to be elsewhere. This is a court of limited jurisdiction, and nothing alleged herein as to waiver arises under title 11, arises in or is related to a case under title 11.

---

[4] "The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)." *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019), *cert. denied sub nom. Robinson v. Lioi*, 140 S.Ct. 1118 (2020). In bankruptcy, adversary proceedings, such as the one initiated to declare the NHSC debt non-dischargeable, generally are viewed as "stand-alone lawsuits," and "final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy. *See generally* 16 Wright, Miller & Cooper, *Federal Practice and Procedure,* Jurisdiction 2d § 3926.2 (2d ed.1996). *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999)." *In re Panthera Enterprises, LLC*, No. 2:19-BK-00787, 2021 WL 1235788, at *4 (Bankr. N.D.W. Va. Apr. 1, 2021). As the adversary litigation within the larger bankruptcy case is long concluded, *res judicata* appears to be the proper preclusion standard.

7

## **CONCLUSION**

In sum, nothing in the motion or in the attachments filed by the Debtor prove a violation of the discharge injunction as set forth in 11 U.S.C. § 524. Therefore, the Court denies the motion, and directs the Clerk to re-close this case once final.

It is so ORDERED.

**\*\* END OF ORDER\*\***